IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| ANTHONY JOSEPH LARRY, #1836955 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv267 |
| DIRECTOR, TDCJ-CID | § | |

## ORDER OF DISMISSAL

Petitioner Anthony Joseph Larry, an inmate confined in the Texas prison system, proceeding *pro se*, brings the above-styled and numbered petition for a writ of habeas corpus challenging his 2013 Rains County conviction for the offense of possession of a controlled substance in an amount greater than or equal to 400 grams. The petition was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation (Dkt. #19) concluding that the petition should be denied. Mr. Larry has filed objections (Dkt. #21).

Mr. Larry initially argues that he is entitled to relief because plea offers were unreasonably rejected by counsel before trial. This issue was fully developed during the State habeas corpus proceedings. After reviewing the record, including affidavits from counsel and the prosecutor, the State trial court found that Mr. Larry, not his attorney, rejected the plea offer. Supp. SHCR[1] at 89. The finding was made that Mr. Larry rejected the offers because he did not want to go to prison. *Id.* The State trial court made a recommendation to deny relief on this claim,

---

[1] "Supp. SHCR" refers to the state habeas clerk's record on remand from the Texas Court of Criminal Appeals, followed by the page number(s).

1

and the Texas Court of Criminal Appeals denied the application without written order based on findings of the trial court without a hearing.

In his objections, Mr. Larry once again argues that counsel unreasonably rejected the plea offers, but he has not satisfied his burden of rebutting the presumption of correctness that must be accorded to the State court's findings of fact with clear and convincing evidence, as required by 28 U.S.C. § 2254(e)(1). Moreover, he has not shown, as required by § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. His first ground for relief lacks merit.

In his second ground for relief, Mr. Larry argues that his attorney was ineffective during the guilt/innocence phase of the trial by failing to successfully argue the motion to suppress. In order to succeed on a claim of ineffective assistance of counsel, a petitioner must show (1) that counsel's performance was deficient, and (2) that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The record reveals that trial counsel filed and argued a motion to suppress the drug evidence and, further, re-urged the motion upon the conclusion of the evidence during the guilt/innocence phase of the trial. The State trial court found that counsel "vigorously litigated this case during the trial, urging a motion to suppress the evidence seized as a result of an illegal stop, as well as hotly contesting the cocaine . . . being affirmatively linked to [Mr. Larry] at all." Supp. SHCR at 89. The State trial court made a recommendation to deny relief based on the ineffective assistance of counsel claim,

and the Texas Court of Criminal Appeals denied the application without written order based on findings of the trial court without a hearing.

Magistrate Judge Love found that Mr. Larry had not satisfied his burden under § 2254(d) in order to obtain relief. In his objections, Mr. Larry asserts that counsel should have made a better presentation of the motions. The Supreme Court observed that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 466 U.S. at 689, 104 S. Ct. at 2065. An attorney's trial strategy may be reasonable, although ultimately unsuccessful. *Castillo v. Stephens*, 640 F. App'x 283, 292 (5th Cir. 2016). Mr. Larry has not shown that counsel's performance was deficient. More importantly, he has not shown that he was prejudiced because counsel failed to do more. Mr. Larry is not entitled to relief because he has not shown, as required by § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. Moreover, he has not satisfied his burden of overcoming the "doubly" deferential standard that must be accorded counsel in conjunction with § 2254(d). *Harrington v. Richter*, 562 U.S. 86, 105, 131 S. Ct. 770, 788 (2011).

In his final ground for relief, Mr. Larry argues that his attorney was ineffective during the punishment phase of the trial. He complains that counsel failed to call his parents and wife to testify about his positive attributes. In his affidavit, counsel explained that the State had already

3

filed a "Notice of Intent" to present extraneous offenses to the jury regarding arrests in both Texas and Georgia. Supp. SHCR at 86. He felt that if he had called these witnesses to testify, then the door would have been opened for the prosecution to offer the extraneous offenses. *Id.* After reviewing the evidence accumulated in the case, the State trial court found that counsel's "decision not to call witnesses in mitigation was a sound strategy. Had he done so, the State would most certainly would have introduced evidence through them of [Mr. Larry's] criminal history, including the two alleged out-of-state felonies and the then-pending drug charges committed while on bail for this offense. By not calling the family, the jury never heard the evidence." Supp. SHCR at 90. The State trial court made a recommendation to deny relief based on the ineffective assistance of counsel claim, and the Texas Court of Criminal Appeals denied the application without written order based on findings of the trial court without a hearing.

Magistrate Judge Love found that Mr. Larry had not satisfied his burden under § 2254(d) in order to obtain relief. In his objections, Mr. Larry once again disputes the decision not to call his family members, but a decision not to call family members is trial strategy. The Supreme Court has observed that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland*, 466 U.S. at 690, 104 S. Ct. at 2066. Mr. Larry has not satisfied his burden of overcoming the presumption that counsel's decision not to call his family members was sound trial strategy. Moreover, he has not shown, as required by § 2254(d), that the State court findings resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable

4

determination of the facts in light of the evidence presented in the State court proceedings. Finally, he has not satisfied his burden of overcoming the "doubly" deferential standard that must be accorded counsel in conjunction with § 2254(d). *Richter*, 562 U.S. at 105, 131 S. Ct. at 788.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Larry to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Larry's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. A certificate of appealability is **DENIED**. All motions not previously ruled on are **DENIED**.

**So Ordered and Signed**
**Feb 18, 2017**

_____
Ron Clark, United States District Judge